UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CAROL E. NATALE, :<br>:<br>   Plaintiff, :<br>:<br>   v. :<br>:<br>EAST COAST SALON :<br>SERVICES, INC., :<br>:<br>   Defendant. :<br>: | Civil Action No.<br>13-1254 (NLH/JS)<br><br>**OPINION** |

**Appearances:**

RICHARD J. ALBANESE
KARPF, KARPF & CERUTTI, P.C.
3331 STREET ROAD, SUITE 128
TWO GREENWOOD SQUARE
BENSALEM, PA 19020
    *On behalf of plaintiff*

MICHAEL S. HANAN
GORDON & REES LLP
18 COLUMBIA TURNPIKE
SUITE 220
FLORHAM PARK, NJ 07932
    *On behalf of defendant*

**HILLMAN, District Judge**

   Presently before the Court is the motion[1] of defendant to enforce the settlement agreement, which, on the eve of trial,

---

[1] The parties filed their briefs and exhibits under seal and in redacted form pursuant to the Court's Order granting defendant's motion to seal. (Docket No. 71.) The content of this Opinion resolving defendant's motion to enforce the settlement agreement only withholds information that qualifies for restricted public access under Local Civil Rule 5.3.

resolved plaintiff's claims against her former employer for alleged violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.[2]  The settlement issue in dispute concerns whether the settlement funds were to be paid to plaintiff pursuant to a Form 1099-MISC or a Form W-2.  Defendant argues that during the settlement discussions at the pre-trial conference, plaintiff and defendant had a meeting of the minds that plaintiff would be paid via a 1099 form.  Plaintiff counters that the vehicle for payment of the settlement funds was not agreed to at the conference.  When a draft of the settlement agreement was provided to plaintiff's counsel, and plaintiff's counsel requested that plaintiff be paid by a W-2 based upon advice from an accountant, plaintiff argues that her request is not barred by any prior agreement that she be paid by 1099.  She also argues that the method of payment is a non-essential term of the agreement.

The method of payment is a sticking point between the parties because if plaintiff is paid by W-2, defendant is obligated to deduct applicable taxes, as well as withholdings for Social Security and Medicare, and pay its employer tax.  If

---

[2] When the case settled, the Court retained jurisdiction for sixty days to reopen the matter if the settlement was not consummated.  (Docket No. 65.)  At the parties' request, the retention of jurisdiction was extended for an additional ninety days (Docket No. 67), during which time defendant filed its motion to enforce the settlement.

plaintiff is paid by 1099, she is responsible for all of these taxes. Defendant argues that having to pay plaintiff by W-2 would constitute a windfall beyond the agreed-upon settlement amount. Plaintiff argues that defendant is required by the tax code to pay her by W-2 because ADEA damages can only be classified as wages.[3]

As will be explained more below, the Court finds the following: (1) the record suggests that the settlement entered into at the pre-trial conference, to be memorialized later in a formal written settlement agreement, did not specifically contemplate whether the funds should be paid by 1099 or W-2, although the record also suggests that payment by 1099 was

---

[3] The ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress, and a recovery under the ADEA is not excludable from gross income. C.I.R. v. Schleier, 515 U.S. 323, 326 (1995). Other employment discrimination laws permit recovery for emotional distress and other non-wage damages. Although awards under these laws have tax implications, any award for non-wage damages must be paid by 1099 and not W-2. See Eshelman v. Agere Sys., Inc., 554 F.3d 426, 441 (3d Cir. 2009) ("The Supreme Court made clear that back pay awards under discrimination statutes are taxable."); see also Lawsuits, Awards, and Settlements Audit Techniques Guide, available at https://www.irs.gov/Businesses/Small-Businesses-&-Self-Employed/Lawsuits-Awards-and-Settlements-Audit-Techniques-Guide#_Toc305586649, (citing IRC §§ 6041 and 6051 and Treasury Regulations 1.6041-1(f) and 1.6041-2) ("Generally, all compensatory damages for non-physical injuries or sickness (for example, emotional distress) arising from employment discrimination or defamation are reportable in Box 3 [of Form 1099-MISC;] however, if a taxpayer receives an award of back pay that constitutes wages, it generally would be reportable on Form W-2, not Form 1099-MISC.").

presumed by counsel for both sides until plaintiff met with her accountant; (2) there is no uniform consensus on the proper payment of such settlement funds in courts throughout the country or in the legal literature; and (3) it appears that the IRS views that that settlement payments that constitute "wages" paid by an employer to an employee must be paid by the employer in the form of a W-2.

As a primary matter, the law governing the enforcement of a settlement agreement holds that a settlement agreement between parties to a lawsuit is a contract like any other contract. Peskin v. Peskin, 638 A.2d 849, 857 (N.J. Super. Ct. App. Div. 1994) (citing Nolan v. Lee Ho, 577 A.2d 143, 146 (N.J. 1990)). A contract is formed where there is offer and acceptance and terms sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty. U.S. v. Lightman, 988 F. Supp. 448, 458 (D.N.J. 1997) (citing Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435, 608 A.2d 280 (1992)). That contract is enforceable if the parties agree on essential terms, and manifest an intention to be bound by those terms. Id. Where the parties do not agree on one or more essential terms, however, courts generally hold that the agreement is unenforceable. Id. The party seeking to enforce the alleged settlement agreement has the burden of proving the existence of the agreement under contract law. Id. (citations

4

omitted). Courts treat a motion to enforce settlement under the same standard as a motion for summary judgment because the central issue is whether there is any disputed issue of material fact as to the validity of the settlement agreement. Washington v. Klem, 388 F. App'x 84, 85 (3d Cir. 2010) (citing Tiernan v. Devoe, 923 F.2d 1024, 1031 (3d Cir. 1991)).

The mechanics of the payment of settlement funds typically constitutes a non-essential term of the settlement contract. See, e.g., McDonnell v. Engine Distributors, No. CIV.A. 03-1999, 2007 WL 2814628, at *8 (D.N.J. Sept. 24, 2007), aff'd, 314 F. App'x 509 (3d Cir. 2009) ("The disputed terms - concerning the scope of the release, ensuring payment, tax treatment, indemnification, and the scope of confidentiality - all speak to the settlement's implementation.  They are not, however, essentials of the settlement."); Josifovich v. Secure Computing Corp., No. CIV. 07-5469FLW, 2009 WL 2390611, at *2 (D.N.J. July 31, 2009) (observing that "terms relating to the tax treatment of a settlement agreement are not considered essential, but rather are part of the implementation of the settlement agreement").

In this case, the Court finds that the precise method of payment was not a term the parties agreed upon before announcing their settlement but was left by the parties to be decided during the during the "fleshing out" period between the oral

agreement and a written settlement agreement. "Where the parties agree upon the essential terms of a settlement, so that the mechanics can be 'fleshed out' in a writing to be thereafter executed, the settlement will be enforced notwithstanding the fact the writing does not materialize because a party later reneges." See Sipler v. Trans Am Trucking, Inc., 881 F. Supp. 2d 635, 637 (D.N.J. 2012) (citing Lahue v. Pio Costa, 623 A.2d 775 (N.J. Super. App. Div. 1993), cert. denied, 634 A.2d 524 (N.J. 1993)).

Here, five days after the pre-trial conference in which the parties settled the matter, plaintiff's counsel affirmatively stated in an email to defense counsel, "I also ask that the agreement reflect payment within 30 days of execution, and separate checks to Ms. Natale and my firm. I also wanted to inquire if it was possible to have the payment made by 1099 as opposed to W-2." Plaintiff's counsel also did not take issue with the indemnification provision which made all tax liabilities plaintiff's responsibility. It was not until plaintiff visited her accountant who advised her to not sign the agreement unless she was paid by W-2, which was a month after the settlement conference and after several email exchanges between counsel, that the issue of the form of payment became a

deal breaker in plaintiff's eyes.[4]  This fact and others lead the Court to conclude that the method of payment was not contemplated by the parties to be an essential element of the settlement.[5]

A settlement agreement is a contract, and the court has "no right to rewrite the contract" or "remake a better contract for the parties than they themselves have seen fit to enter into."  <u>Karl's Sales & Serv., Inc. v. Gimbel Bros.</u>, 592 A.2d 647, 650 (N.J. Super. Ct. App. Div. 1991) (citing <u>James v. Federal Ins. Co.</u>, 5 N.J. 21, 24, 73 A.2d 720 (1950)) (other citations omitted).  Because there are tax consequences of every

---

[4] Plaintiff argues that because she did not review the written document during the time counsel were exchanging drafts and had agreed to payment by 1099, the settlement was not yet approved. That is not a position supported by the law.  <u>See</u>, <u>Sipler</u>, 881 F. Supp. 2d at 637; <u>U.S. v. Lightman</u>, 988 F. Supp. 448, 459 (D.N.J. 1997) (citations omitted) ("New Jersey law specifies that parties may orally, by informal memorandum, or both, agree upon all essential terms of a contract and effectively bind themselves thereon, if that is their intention, even though they contemplate the later execution of a formal document to memorialize their undertaking.").

[5] Defense counsel states that the issue of payment via 1099 was discussed in "open court," while plaintiff's counsel states that the form of payment was not discussed at all during the March 25, 2015 court appearance.  The entire settlement conference was held off-the-record, so no transcript exists of what was stated in "open court" that can prove or disprove counsel's recollections.  As noted by plaintiff's counsel, however, the fact that five days after the court hearing he requested payment by way of a 1099 suggests that it was an issue not specifically discussed at the conference, or if it was, it was not an essential term of the settlement.

7

settlement, plaintiff or defendant in this case could have raised the form of payment during settlement negotiations and made it an essential term of the contract.[6]

It is clear that the parties entered into an agreement to settle the matter for a specific amount at the pre-trial conference on March 25, 2015, and that payment via Form 1099 or Form W-2 was not an essential term of the settlement.  The Court must therefore addresses plaintiff's argument that a settlement of an ADEA claim paid in the form of a 1099 instead of a W-2 would be contrary to law, and would therefore render the settlement contract unenforceable.

The caselaw on this issue is not so clear.  For example, the court in Lisec v. United Airlines, Inc., 10 Cal. App. 4th 1500, 1507, 11 Cal. Rptr. 2d 689, 693 (1992) found that because an award paid to a former employee was not made within the context of an ongoing employment relationship – i.e., an award of back pay covering a period of time when the employee did not actually perform any work for the employer – the award could not be considered wages and thus could not be subject to employment taxes.  Several federal and state courts followed Lisec's reasoning, including in the Eastern District of Pennsylvania and

---

[6] The pre-trial conference before this Court was not the first settlement talks involving the Court's facilitation of, and assistance with, settlement.  (See Minute Entries for March 3, 2015 and March 17, 2015.)

New Jersey.  See Churchill v. Star Enterprises, 3 F. Supp. 2d 622, 624-25 (E.D. Pa. 1998); Sang-Hoon Kim v. Monmouth Coll., 726 A.2d 1017, 1018 (N.J. Super. Ch. Div. 1998).  These cases have since become the minority view, but they have left "employers to wonder when exactly it is appropriate to withhold taxes from an award of back pay or settlement of an employment-related claim."  Cifuentes v. Costco Wholesale Corp., 238 Cal. App. 4th 65, 77, 189 Cal. Rptr. 3d 104, 112 (2015) (citations omitted).

The Cifuentes v. Costco case is instructive.  There, a jury awarded the former Costco employee judgment in the form of past and future lost wages.  When Costco paid the judgment to the plaintiff, it withheld payroll taxes ($116,150.84 out of the $301,378.00 judgment).  The plaintiff argued that Costco should have paid him the full amount by way of a 1099 form.

In directly rejecting Lisec v. United Airlines, Inc., the court observed,

> When Costco paid the judgment, it had two alternatives.  It could follow Lisec and risk liability to the IRS and other taxing authorities for the amount of tax it failed to withhold plus penalties.  Or it could follow the prevailing federal view and risk a judicial declaration that the judgment is not satisfied.  We conclude it chose correctly.  Costco's potential exposure for failing to withhold the payroll taxes outweighed the inconvenience to Cifuentes of seeking a refund for the excess withholding.

Cifuentes, 238 Cal. App. 4th at 77, 189 Cal. Rptr. 3d at 112.

Specifically relevant to the case here, the Cifuentes court

also noted, "the IRS's position is that judgment and settlement payments for back and front pay (other than lost wages on account of personal injury or sickness) are subject to income and FICA tax withholding and are reportable as wages on a form W-2, rather than as non-wage income on a form 1099-MISC." Id. (citing Office of Chief Counsel IRS Memorandum, dated October 22, 2008, UILC: 61.00-00, 3101.00-00, 3111.00-00, 3402.00-00, Income and Employment Tax Consequences and Proper Reporting of Employment-Related Judgments and Settlements; 26 C.F.R. §§ 31.3121(a)-1(b), (i), 31.3306(b)-1(i), and 31.3401(a)-1(a)(5).)

Based on the foregoing, defendant's motion to enforce the settlement has presented the Court with a dilemma. On the one hand, the Court finds that the parties entered into a valid settlement agreement where the method of payment – by 1099 or W-2 – was not an essential term of the contract. On the other hand, while the parties appear to have contemplated payment pursuant to 1099, such a method appears contrary to law.

The Cifuentes court explained the federal and state tax liabilities for employers who pay judgments that constitute wages:

> The IRC requires employers to collect income and FICA taxes by withholding them from wages paid to employees. (26 U.S.C. §§ 3102(a), 3402(a)(1); Maxfield v. United States Postal Service, (9th Cir. 1984) 752 F.2d 433, 434.) California law similarly requires employers to withhold state income and disability insurance taxes. (Unemp. Ins. Code (UIC), §§ 13020, subd. (a)(1), 986.) An employer who

> fails to withhold such taxes may be held liable for those taxes plus penalties and interest. (26 U.S.C. §§ 3102(b), 3403, 6651; UIC, §§ 987, 1112, 1113, 1127, 13070.)  The failure to withhold taxes also is punishable as a crime. (26 U.S.C. § 7202 [felony]; UIC, § 2118 [misdemeanor].)  In addition, even if the tax is later paid, an employer who fails to withhold is subject to liability for penalties and other statutory additions. (26 U.S.C. § 3402(d); <u>see</u> <u>Cheetham v. CSX Transportation</u>,(M.D. Fla. 2012) 2012 WL 1424168, *8.)

<u>Cifuentes</u>, 238 Cal. App. 4th at 71-72, 189 Cal. Rptr. 3d at 108.

A Field Attorney Advice Memorandum from the IRS provides similar guidance.  In LAFA 20133501F, the IRS clarified that if all or part of a settlement is for back wages, front pay, or severance pay, those amounts must be reported on Form W-2.  If no allocation is made in the settlement for attorney fees, the entire settlement amount may be reportable on Form W-2 and subject to FITW and FICA taxes (including, if applicable, the additional 0.9% Medicare tax).  If the settlement agreement states that a portion of the settlement that would otherwise be considered wages reportable on Form W-2 is for attorney fees, that portion should be reported on a Form 1099-MISC issued to the claimant.  <u>See</u> Key Issue 27A: Overview of Form 1099-MISC Reporting Requirements, Payroll Tax Deskbook, 17th Ed. (November 2015), 20XX WL 11703343.  The LAFA also provides a helpful example:

> Example One – Separate Checks to Claimant and Attorney, Clear Allocation
>
> In this example, C1 agreed to waive all claims in return

> for $X, payable in two lump sums of $X each. The agreement specifically provided for attorney's fees, payable to A1 in two lump sums of $X and to A2 in two lump sums of $X. To the extent the recovery is taxable to C1, the attorney's fees are includible in C1's income and must be reported to C1 by filing and furnishing an information return. Form 1099-MISC is the appropriate form to use in reporting the attorney fee amounts to C1 when there is a clear allocation of an amount as attorney's fees, because such clearly allocated amount is not wages subject to employment tax.
>
> The employer must also report the portion of the settlement that was paid directly to C1 by filing and furnishing a Form W-2 reporting $X with C1 as payee for each year. Finally, the employer must report the payments to the attorneys by filing and furnishing two Forms 1099-MISC with the two attorneys as payees for each year in the amounts of $X and $X, respectively.

LAFA 20133501F, available at, https://www.irs.gov/pub/irs-lafa/20133501f.pdf.

Presuming that New Jersey state tax laws are similar to California's,[7] and understanding that federal tax laws are uniform throughout the country, it is questionable whether defendant's position to pay plaintiff by Form 1099 is legally advisable. As a consequence, since the payment can only be made by W-2, a process controlled by the defendant, no indemnification provision can be maintained in the form described.

In sum, the Court finds that the parties entered into an

---

[7] See N.J.S.A. 54:8A-50, Liability of employer required to withhold tax; special fund; right of action against employer; N.J.S.A. 54:8A-51, Failure of employer to deduct and withhold tax or to pay tax withheld.

enforceable settlement agreement which the Court will enforce. In order to enforce the settlement, the Court will supply the legally appropriate term of payment by W-2[8] into the settlement agreement, and strike from the agreement the cited indemnification provision to the extent it is inconsistent with payment of the settlement proceeds by W-2.  See Mazzeo v. Kartman, 560 A.2d 733, 737 (N.J. Super. App. Div. 1989) ("[W]here the parties to a contract fail to specify a term that is essential to a decision as to their relative rights and responsibilities, the trial judge will attempt to supply that term in order to effectuate the parties intent."); New Jersey Bank v. Palladino, 389 A.2d 454, 461 (N.J. 1978) ("Terms will be implied in a contract where the parties must have intended them because they are necessary to give business efficacy to the contract as written. . . . . [W]hen the terms of an agreement have more than one possible interpretation, by one of which the agreement would be valid and by the other void or illegal, the former will be preferred."); Paley v. Barton Sav. & Loan Ass'n, 196 A.2d 682, 686 (N.J. Super. App. Div. 1964) cert. denied, 198

---

[8] See Josifovich v. Secure Computing Corp., No. CIV. 07-5469FLW, 2009 WL 2390611, at *2 (D.N.J. July 31, 2009) (court determined that payment by W-2 was the proper method of payment for the portion of the settlement funds intended to compensate the plaintiff for back and front pay).

A.2d 446 (N.J. 1964) ("The mere fact that certain terms of an agreement may require construction by a court does not establish that either of the parties to that agreement is without any obligation thereunder. If it is at all possible, a court will attach a sufficiently definite meaning to the terms of a bargain to make it enforceable.").

The parties are free to enter into any other indemnification agreement consistent with this Opinion.

An appropriate Order will be entered.

Date: February 17, 2016          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.